By tee Court.'
 

 The general liability of a legatee to refund is measured by the value of Ins legacy $ but whether he shall be chargeable with interest upon that value, or upon any part thereof,-for not refunding when he has notice from the executor of existing debts, and lie is called upon to refund his rateable part, and be refuses, must necessarily depend upon the particular circumstances of the case. If he has good reason to believe that the debt is just, and there be no dispute as to its amount, he ought to contribute his rateable part immediately upon demand made : and if the executor take from him no refunding bond, still he ought to contribute with the same promptitude as if- he had given a bond $ for here he is to contribute for the relief of the executor, from whom the creditor exacts his debt
 
 de bonis propriis.
 
 The refunding .bond is given for the benefit and ease of the executor, that after two years creditors may bo turned over to the legatees for their money : and as in cases where no bond is given, the executor shall recover interest if the legatee be guilty of improper delay in refunding his rateable part of the debt, so in cases where a bond is given, there seems to be no good reason why the creditor shall not have interest, if the legatee has been guilty of such delay. But the circumstances of each case must be looked to, in deciding whether the legatee
 
 *96
 
 shall be chargeable with interest. It does not appear in the case before the Court, what were the circumstances attending the debt, nor whether those circumstances were made known to tire legatee when the executor gave him notice of the debt and called upon him to refund. It is surely not a general rule, that a legatee shall pay-interest $ and there not appearing in this case any peculiar circumstances to charge him, judgment must be cm tered in his favour upon the point sent to this Court.